Filed 2/26/14  P. v. Herrera CA2/1

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>SALVADOR HERRERA,<br><br>    Defendant and Appellant. | B246672<br><br>(Los Angeles County<br>Super. Ct. No. LA066102) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Elizabeth Lippitt, Judge.  Affirmed with directions.

James Koester, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Paul M. Roadarmel, Jr., Supervising Deputy Attorney General, and Allison H. Chung, Deputy Attorney General, for Plaintiff and Respondent.

_____

Salvador Herrera was convicted of 13 counts of first degree residential burglary and forgery, and received a sentence of 79 years to life. He appealed, and we remanded for the trial court to resentence Herrera, impose or strike prior prison term enhancements, and amend the abstract of judgment, otherwise affirming the judgment. The trial court resentenced Herrera and imposed the same sentence, striking a prior prison term enhancement. Herrera again appeals.

The following three paragraphs are taken from our unpublished opinion in Herrera's prior appeal, *People v. Herrera* (October 3, 2012, B233069) (*Herrera I*).

An information filed November 30, 2010, charged Herrera with nine counts of first degree residential burglary occurring between August 9 and September 20, 2010, each of a different dwelling, in violation of Penal Code section 459.[1] The information also charged Herrera with six counts of forgery in violation of section 470, subdivision (d). Further, the information alleged that Herrera had suffered 15 prior strike convictions as to all counts pursuant to sections 1170.12, subdivision (a), and 667, subdivisions (b) through (i); had two prior felony convictions within the meaning of section 1203, subdivision (e)(4); and had two prior prison terms pursuant to section 667.5, subdivision (b).

Herrera filed a pretrial motion to dismiss his prior convictions pursuant to *People v. Superior Court (Romero)* (1996) 13 Cal.4th 497 (*Romero*), which the court denied. At trial, the prosecution presented evidence that Herrera stole electronics from the residences and also stole and cashed several checks, forging the signatures of the account holders. Herrera admitted the truth of the prior conviction allegations and prior prison terms allegations. Counts 3 (burglary) and 4 (forgery) were dismissed, and the jury convicted Herrera of the remaining 13 counts, finding true allegations that the burglaries were of inhabited dwellings within the meaning of section 462, subdivision (a).

After the verdict, Herrera filed a *Romero* motion and a sentencing memorandum, asking that the trial court dismiss his prior strikes and treat the case as a first or second

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

strike.  The court denied probation and struck the Three Strikes allegations as to some counts, but sentenced Herrera to 25 years to life on two counts (counts 1 and 5).  After the court corrected its sentencing calculation, Herrera received a sentence of 79 years to life, detailed as follows:  on counts 1 and 5, he received consecutive 25-years-to-life sentences under the Three Strikes law, and consecutive five-year sentences on both counts under section 667, subdivision (a); count 8 was the base term for the determinate sentence, all but one prior strike was dismissed on that count, and he received a low term of two years, doubled to four years as a second strike, plus five years under section 667, subdivision (a); on the remaining burglary counts, counts 9, 10, 12, 14, and 15, all the strikes were dismissed, and he received a one year and four months sentence (one-third the midterm) on each count, to be served consecutively; and on the forgery counts (2, 6, 7, 11, 13) he received 8 months (one-third the midterm) consecutive on each.

In *Herrera I*, we held that the trial court did not abuse its discretion in failing to strike all the prior strike allegations, and Herrera's sentence was not cruel and unusual. We remanded for the trial court to resentence Herrera in light of his ineligibility for postconviction credits, to strike one prior prison term enhancement and to impose or strike another, and to amend the abstract of justice to correct the number of days of custody credit and strike a crime prevention fee.

The trial court resentenced Herrera on January 31, 2013.  At the sentencing hearing, Herrera's counsel argued that his sentence was in effect a life sentence, and in the light of the circumstances of his crimes it was cruel and unusual punishment.  The trial court read from the transcript of Herrera's 2004 sentencing in case number GA05572, in which he pleaded guilty to 15 counts of residential burglary:  "'You are a multi, multi striker.  That means, sir, that, if in the future you are convicted of any felony possession of a drug, petty theft, you could be going to prison for 25 years to life.  So you cannot afford to get into any[]more trouble.'"  The court explicitly took into account Herrera's ineligibility for postconviction credits, reimposed the sentence of 79 years to life, and struck a prior prison term enhancement in another case.

Herrera filed this timely appeal.  He argues that the trial court failed to consider significant changes in three-strikes sentencing pursuant to the Three Strikes Reform Act, which would render his sentence cruel and unusual.  He also points to the grant of review by the California Supreme Court in *People v. Vargas*, review granted September 12, 2012, S203744, as a sign that the court may change the *Romero* analysis regarding the dismissal of prior strikes.  Both events, he argues, may affect the trial court's discretion at sentencing.

As Herrera acknowledges, the Three Strikes Reform Act was passed in November 2012.  (*People v. Yearwood* (2013) 213 Cal.App.4th 161, 167–168.)  The statute amended sections 667 and 1170.12, effective November 7, 2012.  (*Yearwood*, at pp. 169–170.)  Review in *People v. Vargas* was granted earlier, on September 12, 2012 (presenting the issue whether one of two strikes arising from a single act must be dismissed or whether that is simply one factor the trial court should consider in exercising its discretion).  Yet Herrera failed to raise either the statute or the grant of review months later at his resentencing hearing in January 2013.  He therefore forfeited any argument regarding the Three Strikes Reform Act and the grant of review in *People v. Vargas*, including an argument that  his sentence is cruel and unusual.  (*People v. Scott* (1994) 9 Cal.4th 331, 352–353; *People v. Hill* (2005) 131 Cal.App.4th 1089, 1103.)  Further, we have already rejected Herrera's claim that his sentence is cruel and unusual, and we decline to reconsider that conclusion, which is the law of the case.  No intervening decision has altered the controlling rule of law, and Herrera has not shown a manifest misapplication of law resulting in an injustice.  (*People v. Martinez* (2003) 31 Cal.4th 673, 683.)

In any event, Herrera admits that he would not have directly benefited from the Three Strikes Reform Act because his current convictions for first degree robbery in violation of section 459 continue to be serious felonies under the Act.  (*People v. Yearwood*, *supra*, 213 Cal.App.4th at pp. 167–168.)  Finally, the grant of review in *People v. Vargas* does not change or clarify the law relevant to Herrera's sentencing.

Herrera also contends that the trial court should have recalculated his actual custody credit, and respondent agrees.  "[S]tate prisoners whose sentences have been remanded for reconsideration while in progress are not presentence detainees eligible for credits under section 4019.  When, prior to such a remand, one has served a portion of his or her original sentence in . . . the [Department of Corrections] custody, such incarceration should be subject solely to the prison worktime credit rules applicable to the sentence he ultimately receives.  [¶]  [T]he trial court, having modified defendant's sentence on remand, was obliged, in its new abstract of judgment, to credit him with all *actual* days he had spent in custody, whether in jail or prison, up to that time. As we have seen, the court's duty in this respect arose from section 2900.1, which specifies that when a sentence is modified while in progress, the 'time' already served 'shall be credited upon any subsequent sentence [the defendant] may receive upon a new commitment for the same criminal act or acts.'"  (*People v. Buckhalter* (2001) 26 Cal.4th 20, 37.)  Upon resentencing, the trial court awarded appellant the time specified in *Herrera I*, 267 days of custody credit and 132 days of presentence conduct credit, and the abstract of judgment reflected this award.  On remand, the trial court must recalculate Herrera's custody credit to include all actual days Herrera had served up to the time of resentencing.

## DISPOSITION

The trial court is directed to recalculate Salvador Herrera's custody credit to include all actual days Herrera had served up to the time of resentencing, and the clerk of the superior court shall prepare an amended abstract of judgment reflecting the recalculation. The court is directed to forward a certified copy of the amended abstract of judgment to the Department of Corrections and Rehabilitation. In all other respects, the judgment is affirmed.

NOT TO BE PUBLISHED.

JOHNSON, J.

We concur:

CHANEY, Acting P. J.

MILLER, J.[*]

---

[*] Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.